FILED

07 MAR 28 AM 11:09

U.S. DISTRICT COURT
W.D.N.Y.-BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANIBAL MALDONADO,

        Petitioner,

    -v-                                      07-CV-0106A
                                                  **ORDER**

RICHARD A. SAVAGE,
Superintendent of Gowanda
Correctional Facility,

        Defendants.

---

Petitioner Anibal Maldonado, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2241, alleging that he is in custody within the meaning of 28 U.S.C. § 2241(c) as set forth more precisely in his application. Specifically, petitioner alleges that he has been denied good time allowances, and thus an earlier release, because he has not completed a DWI Program. (Docket No. 1, Petition, Exs. I-J). He claims that he was advised that he did need not to participate in that Program. See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks the very duration of ... physical confinement, and thus lies at the core of habeas corpus."). Petitioner also seeks permission to proceed *in forma pauperis*.

### **CONVERSION OF PETITION TO ONE BROUGHT UNDER 28 U.S.C. § 2254**

While petitioner adamantly claims in the petition that the petition is brought under 28 U.S.C. § 2241, not § 2254, because he

is not challenging the constitutionality of the underlying conviction, it is clear that the petition should have been brought under 28 U.S.C. § 2254 because it involves a challenge to the execution of sentence on a state court conviction. <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274 (2d Cir.2003); <u>James v. Walsh</u>, 308 F.3d 162, 167 (2d Cir.2002); <u>Jenkins v. Duncan</u>, No. 9:02-CV-0673 LEK GLS, 2003 WL 22139796, ** 2-3 (N.D.N.Y., September 16, 2003). Section 2254 governs petitions filed on behalf of any person "in custody pursuant to the judgment of a State court," "on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a). "By its terms, section 2254 'is not limited to challenges to an underlying conviction or sentence but can be used by any state prisoner who is in custody pursuant to a state court judgment and who challenges that custody on constitutional grounds.'" <u>Robinson v. Atkinson</u>, No. 03 Civ.5176 DAB DF, 2004 WL 1798129, at *2 (S.D.N.Y., Aug. 5, 2004) (quoting <u>Rossney v. Travis</u>, No. 00 Civ. 4562(JGK), 2003 WL 135692, at *3 (S.D.N.Y. Jan. 17, 2003).

Petitioner herein contests an aspect of the execution of his continuing custody pursuant to a state court conviction. Such a challenge should be brought under § 2254, not § 2241. <u>James</u>, 308 F.3d at 167; see <u>Cook</u>, 321 F.3d at 278 (challenge to revocation of parole by a state prisoner properly brought under Section 2554). "[I]f an application that should be brought under 28 U.S.C. § 2254

is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Cook*, 321 F.3d at 277 (citing James, 308 F.3d at 166). Accordingly, this petition must be construed as one brought under § 2254.

## NOTICE OF CONVERSION AND OPPORTUNITY TO WITHDRAW PETITION

In Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998) (per curiam), the Second Circuit Court of Appeals held that district courts may not *sua sponte* convert post-conviction motions, putatively brought under some other provision, into motions pursuant to 28 U.S.C. § 2255 without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion.[1] *See also* Castro v. United States, 540 U.S. 375 (2003) (Supreme Court adopted the notice and opportunity requirement set forth in Adams). In Cook, the Second Circuit extended the notice and opportunity requirement of Adams to petitions being converted from a § 2241 petition to one brought under § 2254 because "[w]hether a petitioner is a state or federal prisoner, converting a pro se habeas petition filed under a statute not subject to the severe "second or successive" restrictions of section 2244 (for

---

[1] Specifically, the Second Circuit stated in Adams that a district court could not recharacterize or convert a putative motion brought pursuant to Fed.R.Crim.P. 12(b)(2) to a motion under § 2255 unless: "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." 155 F.3d at 584.

3

state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim." Cook, 321 F.3d at 282

Therefore, the Court is hereby notifying and advising petitioner that it intends to convert this § 2241 petition to a petition brought pursuant to 28 U.S.C. § 2254 and that this conversion means that any subsequent § 2254 motion will be subject to the restrictions on "second" or "successive" motions set forth in 28 U.S.C. § 2254(b)[2]. If the petition is converted to a petition under § 2254 it will also be subject to the one year period of limitations set forth in § 2244(d)(1).[3] The conversion

---

[2] Section 2254 now contains a gate-keeping mechanism which requires a "second" or "successive" § 2254 motion, as defined in § 2244(b), be certified by a panel of the Court of Appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b); Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004). If the motion is not so certified, a movant cannot bring a second or successive § 2254 petition.

[3] Section 2244(d) provides that:

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

of this petition to a petition under § 2254 will occur unless petitioner notifies the Court in writing by **April 26, 2007** that he either (1) consents to the conversion despite the consequences of conversion or (2) voluntary withdraws the petition instead of having it converted to a petition under § 2254. If petitioner does not advise the Court in writing by **April 26, 2007** of either his consent to the conversion of this § 2241 petition to a petition under § 2254 or his voluntary withdrawal of this petition, the Court will convert this petition to a petition under § 2254.

## EXHAUSTION

Under 28 U.S.C. § 2254, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless is appears that--(A) the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A); see also, O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The Second Circuit determines whether a claim has been exhausted by applying a two-step analysis:

> First, the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts.... Second, having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to

---

>           secure [state] appellate review of the denial
>           of that claim.

Diaz v. Coombe, 97 Civ. 1621, 1997 WL 529608 at *3 (S.D.N.Y. June 12, 1997) (Mukasey, D.J. & Peck, M.J.) (quoting Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981)); accord, e.g., Jordan v. LeFevre, 22 F.3d 259, 266 (S.D.N.Y. 1998) (Mukasey, D.J. & Peck, M.J.). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir.1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

In this matter, it appears that petitioner has not made any efforts to exhaust his claim in the state courts. He claims that even though the Time Allowance Committee decision was not "grievable" he filed a grievance (Petition, ¶ 22. and Ex. Q-R), and forwarded a letter to the Commissioner objecting to the decision to withhold good time allowances (id., at ¶ 23, and Ex. T). However, he makes no mention of the filing of any state court proceedings -- e.g.,an Article 78 proceeding, N.Y.C.P.L.R. 7801 et seq., or any attempts to present his claim herein to the state courts.

Accordingly, because petitioner must first exhaust all available state court remedies before the court may grant the petition, see 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the

6

courts of the State."); see, e.g., Ojeda v. Artuz, No. 96 Civ. 5900, 1997 WL 283398, at *3 n. 5 (S.D.N.Y. May 29, 1997) (if the federal court "finds unexhausted claims to be patently frivolous, the court may summarily reject those claims on the merits and pass on to the exhausted claims in the petition.") (internal quotation marks omitted), petitioner is directed to show cause, in writing, by **April 26, 2007**, why the petition should not be dismissed for his failure to exhaust available state court remedies. If petitioner chooses to withdraw the petition pending exhaustion of his state court remedies, he is advised that the applicable statute of limitations is tolled only "during the time in which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167 (2001).[4]

IT HEREBY IS ORDERED as follows:

**1.** Petitioner's request to proceed as a poor person is granted.

**2.** The conversion of this petition to a petition under 28

---

[4] In Duncan, the United States Supreme Court held that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of tolling provision of 28 U.S.C. § 2244(d)(2). Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition. Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.

U.S.C. § 2254 will occur unless petitioner notifies the Court in writing by **April 26, 2007** that he either (1) consents to the conversion despite the consequences of conversion or (2) voluntary withdraws the petition instead of having it converted to a petition under § 2254. If petitioner does not advise the Court in writing by **April 26, 2007** of either his consent to the conversion of this § 2241 petition to a petition under § 2254 or his voluntary withdrawal of this petition, the Court will convert this petition to a petition under § 2254.

3. Petitioner must show cause, in writing, by **April 26, 2007**, why the petition should not be dismissed for his a failure to exhaust his state court remedies.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   March 27, 2007
         Rochester, New York